ALTENBERND, Judge,
Concurring.
I join in the court’s opinion but admit that I am troubled by Mr. Bearden’s conviction for second-degree murder. The evidence supporting that conviction is weak. Although I cannot say that the trial court committed reversible error by omitting the hearsay testimony of Angela Tyler concerning the alleged confession of Ray Allen Brown, if I had been the trial judge, I believe I would have admitted this testimony. I write to explain why I would have allowed the jury to decide the significance of this alleged confession.
The jury’s verdict in this case convicting Mr. Bearden not of robbery but of a grand theft of Mr. Skipper’s car is fully supported by the evidence. After William Brown killed Mr. Skipper in Mr. Skipper’s car, Mr. Bearden had possession of the car as a known stolen vehicle, and he destroyed evidence of the murder that had occurred in the car. Apparently, in a related criminal proceeding, Mr. Bearden was convicted as an accessory after the fact for this murder on the theory that he was an accessory to the first-degree murder committed by William Brown. The evidence in this record would support that conviction.
The State indicted Mr. Bearden for first-degree premeditated murder of Mr. Skipper. The State submitted the case to the jury on- theories of both first-degree premeditated murder and first-degree felony murder. The jury convicted Mr. Bearden of second-degree murder.[7] I question whether the evidence supported a conviction for this lesser offense but conclude that the evidence was sufficient to convict Mr. Bearden of first-degree felony murder.
A great majority of the testimony in this case is influenced by illegal drugs. The witnesses were either under the influence of drugs at the time of these events or involved in the sale of drugs. Credibility is a very complex matter in this case. Assuming that there were other people in the car at the time William Brown killed Mr. Skipper, several people in addition to Mr. Bearden had at least an equal motive and opportunity to participate in the murder.
It seems likely from the evidence that Mr. Skipper stopped on the side of the road late on the evening of March 13, 2007, to pick up Mr. Bearden. Mr. Skipper might have known Mr. Bearden, but there is no evidence that the two men were established friends. The record leaves one only to speculate as to the reason that Mr. Skipper picked up Mr. Bearden on this night. Mr. Bearden claimed that the two men went briefly to Mr. Skipper’s house and then proceeded to the Browns’ house to purchase drugs.
After arriving at the Browns’ house, Mr. Skipper appears to have reentered his car where William Brown stabbed him several times. No one claims to have been an eyewitness to this event. There is no *666 physical evidence that places Mr. Bearden or anyone other than William Brown in the car at the time of the murder. However, it is likely that some other person or persons were in the car at the time of the stabbing, and it is at least plausible that the additional occupants were principals in the offense and not merely occupants. Whether the evidence established beyond a reasonable doubt that Mr. Bearden was such a principal is a much closer question.
As our opinion reflects, the occupants of the Brown house, where drugs were being sold, claimed that Mr. Bearden, but not Ray Allen Brown, accompanied William Brown on the fatal trip in the car. Mr. Bearden claimed that although he was not in the car, he knew the Browns were taking Mr. Skipper for a ride to rob him and he approved of the plan so long as he got something out of the deal. It is a close question whether Mr. Bearden’s admission of this fact would be sufficient to convict him of first-degree felony murder. The State did ■ not charge him with being a member of any conspiracy.
The primary testimony that would both place Mr. Bearden in the car at the time of the murder and suggest that he was a principal in that offense was the testimony of Maria and Robert Agüero. After the murder occurred and before the car was burned, Mr. Bearden and another man tried to sell the stolen car to members of the Agüero family. This family also appears to have ties to drug dealing. In the process of trying to sell the car to them, Mr. Bearden allegedly had private conversations in which he admitted that he had intended to steal Mr. Skipper’s money and credit cards and that he had “f* *cked up” the victim. This hearsay testimony is hardly a full confession to any form of murder.
In this context, the evidence may have created an issue for the jury, but there was barely enough reliable evidence to establish that Mr. Bearden was a principal in the murder. It was possible that he was a drug addict who managed to place Mr. Skipper in a location where others killed him.
I provide this brief explanation because it seems important when deciding whether the hearsay confession of Ray Allen Brown to Angela Tyler was admissible. If admitted, this testimony would have been significant defensive evidence.
This was a televised trial. Angela Tyler’s delay in coming forward to testify against a member of the Brown family may be explained by entirely innocent reasons. Moreover, her ability to recall details of such a confession after only two years is not necessarily surprising. It is not every day that a person confesses to murder, and the recipient of the confession is likely to recall the incident in detail. The trial judge was in a position to evaluate Angela Tyler’s credibility, but I admit that on the basis of the cold record, I would have allowed the jury to make the evaluation of her credibility given the weakness of the evidence against Mr. Bearden.
As for the need for corroboration under Chambers, I.admit that what exactly needs to be corroborated is confusing to me. It is undisputed that Mr. Skipper was murdered shortly after being in a house with Ray Allen Brown. Ray Allen Brown certainly had the ability and even a motive to be precisely where his alleged confession to Angela Tyler placed him. The truth is that we have only a little more corroborating evidence to support the alleged confession of Mr. Bearden to the Agüeros than the alleged confession of Ray Allen Brown to Ms. Tyler.
I cannot dissent in this case, but I would have greater confidence in the jury’s ver- *667 diet if they had received the additional testimony.

. Because it would have little practical effect on Mr. Bearden’s sentences, I will not discuss at any length the oddity of a conviction as a principal to second-degree murder and a second conviction for accessory after the fact for a first-degree murder arising from a single homicide.